IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00376-01 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| GEGHAM GARY AKOPIAN, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER DENYING PETITIONER'S MOTION FOR
SENTENCE ADJUSTMENT AND DECLINING TO
ISSUE A CERTIFICATE OF APPEALABILITY

　　　　Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing the Petitioner's motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion for Sentence Adjustment and DECLINES TO ISSUE a Certificate of Appealability. (Doc. # 57.)

BACKGROUND

　　　　On September 11, 2002, Petitioner Gegham Gary Akopian ("Petitioner") was indicted for possession with intent to distribute 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers.[1] On March

_____

　　　　[1] The facts of this case were well-briefed in this Court's Order Denying Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28

19, 2003, Petitioner pled guilty, pursuant to a plea agreement, to one count of

possessing with intent to distribute 50 grams or more of methamphetamine, its

salts, isomers, and salts of its isomers, and another count of being a felon in

possession of a 9mm semi-automatic pistol.  (Memorandum in Opposition to

Defendant's Motion for Sentence Adjustment "Opp'n," Doc. # 61 at 1–2.)

Petitioner had previously been convicted of a drug felony, subjecting him to a

statutorily-enhanced, mandatory term of 20 years life-imprisonment.  (Id. at 2.)

Pursuant to Petitioner's plea agreement (Doc. # 28), the prosecution

agreed not to charge Petitioner with two additional counts also relating to

possession of a pistol and sales of methamphetamine, bestowing a significant

sentencing benefit upon Petitioner.  (Id. at 2.)    Additionally, the Court granted the

Prosecution's motion for a reduced sentence and exercised its discretion in

sentencing Petitioner to a term of 135 months, substantially below the 151–188

months statutory guideline range.  (Id. at 3.)  Further, Petitioner's status as a

deportable alien, which Petitioner raises in his Motion for Sentence Adjustment,

---

U.S.C. § 2255 (Doc. # 50), and are repeated here only to the extent they are
relevant to the instant Motion.

was well-known and briefed before the Court both at the time Petitioner entered

into his plea agreement and at the time of sentencing.[2]  (Id. at 3; Doc. # 59)

On October 20, 2004, Petitioner filed a motion pursuant to 28 U.S.C.

§ 2255.  (Doc. # 42.)  After consideration of Petitioner's § 2255 motion, the Court,

on April 21, 2005, entered an Order denying Petitioner's motion.  (Doc. # 50.)  The

Court additionally denied Petitioner's application for a certificate of appealability

(Doc. # 52) and the Ninth Circuit denied such a request as well (Doc. # 54).  Since

that time, no motions have been filed or any other significant activity has occurred

in petitioner's case, until the instant motion.

On March 3, 2011 Petitioner filed the instant Motion for Sentence

Adjustment ("Motion"), which the court construes as a motion to seek to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  ("Mot.," Doc. #

57.)  On March 15, 2011, the United States Government filed a Memorandum in

Opposition to Defendant's Motion for Sentence Adjustment ("Opposition").

(Opp'n, Doc. # 61.)  On March 24, 2011, the United States Government filed a

---

[2] The Court notes that pursuant to the Supreme Court's recent decision in
Padilla v. Kentucky, 130 S. Ct. 1473 (2010), criminal defense attorneys must
advise non-citizen clients about the deportation risks of a guilty plea.  On March
19, 2003, at Petitioner's hearing on the motion to plead, the Court informed
Petitioner that "[a] conviction in this case might also affect your right to remain in
the country."  (Transcript of Proceedings, Doc. # 59.)  Therefore, Petitioner was
aware of the potential consequences faced by non-citizens who enter guilty pleas.

Supplemental Memorandum in Opposition to Defendant's Motion for Sentence

Adjustment.  (Doc. # 63.)

STANDARD OF REVIEW

The Court's review of a petitioner's motion is provided for by statute:

> A prisoner in custody under sentence of a court
> established by Act of Congress claiming the right to be
> released upon the ground that the sentence was imposed
> in violation of the Constitution or laws of the United
> States, or that the court was without jurisdiction to
> impose such sentence, or that the sentence was in excess
> of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court which
> imposed the sentence to vacate, set aside or correct the
> sentence.

28 U.S.C. § 2255.  The scope of collateral attack of a sentence under § 2255 is

limited and it does not encompass all claimed errors in conviction and sentencing.

United States v. Addonizio, 442 U.S. 178, 185 (1979).  A one-year statute of

limitations is provided for in the statute, the limitation period to run from the latest

of several possible dates.[3]  See 28 U.S.C. § 2255(f).

---

[3] Those dates include: (1) The date on which the judgment of conviction
becomes final; (2) The date on which the impediment to making a motion created
by governmental action in violation of the Constitution or laws of the United States
is removed; (3) The date on which the right asserted was initially recognized by the
Supreme Court, provided its made retroactively applicable to cases in collateral
review; or (4) The date on which the facts supporting the claim or claims presented
could have been discovered through the exercise of due diligence. 28 U.S.C. §
2255(f).

Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984).

An evidentiary hearing is not required if the petitioner's allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." U.S. v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003). Mere conclusory statements, without supporting evidence, are not sufficient to require a hearing. United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993). Although the moving party is not required to detail his evidence, he must "make factual allegations" to establish his right to a hearing. United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980). The Court has discretion to ascertain whether a claim is substantial before granting a full evidentiary hearing. Sanders v. United States, 373 U.S. 1, 18 (1963). That discretion is limited, however, when a petitioner claims that he or she instructed his or her attorney to file an appeal and the attorney failed to do so. United States v. Sandoval-Lopez, 409 F.3d 1193, 1197 (9th Cir. 2005). In such situations,

evidentiary hearings generally are necessary to determine whether the petitioner, in fact, made such an express instruction.  See id.

DISCUSSION

Petitioner's Motion appears to contend that this Court should reduce his sentence by six months on the basis of his status as a deportable alien because of the differential treatment afforded citizens and aliens.  A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988).  In the instant case, Petitioner challenges the validity and constitutionality of his sentence by arguing that his status as a deportable alien should have afforded him a reduced sentence.  Thus, the Court construes Petitioner's Motion as a § 2255 challenge to the District Court's failure to depart downward based on Petitioner's alien status.[4]

---

[4] Other courts have construed claims similar to Petitioner's as a 28 U.S.C. § 2241 equal protection challenge to the Bureau of Prison's execution of a sentence. See Rodriguez-Gonzalez v. United States, 2011 WL 663434 (S.D. Cal., February 14, 2011); Franco-Guillen v. United States, 2011 WL 455222 (S.D. Cal., February 03, 2011).  First, to the extent Petitioner's claim may also be construed under § 2241, Petitioner filed his Motion in the wrong court as § 2241 challenges must be filed in the custodial court, and Petitioner is incarcerated in the Federal Correctional Institute in Big Spring, TX, 79720.  Hernandez v. Campbell, 204 F. 3d 861, 864 (9th Cir. 2000).  Second, such a claim fails on the merits because the Ninth Circuit has held that the Bureau of Prison's determination that prisoners with immigration detainers are not eligible for community confinement benefits

Petitioner's Motion under § 2255 fails for two reasons. First, Petitioner's Motion is untimely under the federal habeas statute's statute of limitations. The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs all federal habeas petitions filed after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 336 (1997). AEDPA amended 28 U.S.C. § 2255 by providing a one-year limitations period for federal prisoners to file federal habeas petitions under § 2255. The relevant section of the statute states:

> A 1-year period of limitations shall apply to a motion under this section. The limitation period shall run from the latest of -
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

outlined in 18 U.S.C. § 3625(c) is not a violation of equal protection or due process. See McLean v. Crabtree, 173 F. 3d 1176, 1184–86 (9th Cir. 1999) (holding that the Bureau of Prisons' exclusion of prisoners with immigration detainers from eligibility for sentence reduction or community confinement does not violate equal protection or due process) cert. denied, 528 U.S. 1086 (2000).

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the instant case, the Court entered final judgment on October 21, 2003. (Doc. # 39.) Thus, Petitioner had one year, until October 20, 2004, in which to file a § 2255 motion. Petitioner filed such a motion on that date. See (Doc. # 42.) Any subsequent motion, however, is untimely pursuant to § 2255(f)(1). Additionally, none of the other subsections governing the statute of limitations, namely §§ 2255(f)(2)–(4), are applicable to Petitioner's case. To the extent Petitioner cites a single case in his Motion, United States v. Restrepo, 802 F. Supp. 781 (S.D.N.Y. 1992), this case was decided over ten years before Petitioner committed the crimes charged in the instant case, and thus fails to serve as a basis for new, retroactively applicable law under § 2255(f)(3). Therefore, Petitioner's § 2255 Motion is untimely and must be denied.

Additionally, even if Petitioner's Motion were not untimely, it must be denied as second or successive. Petitioner has already brought a § 2255 petition

before this Court (Doc. # 42), which was denied on the merits.  <u>See</u> (Doc. # 50).

To bring a successive or second motion under § 2255, Petitioner must get

certification from a three-judge panel from the Ninth Circuit Court of Appeals

allowing him to do so.  To obtain this certification Petitioner must show:

> (1) newly discovered evidence that, if proven and viewed
> in light of the evidence as a whole, would be sufficient to
> establish by clear and convincing evidence that no
> reasonable factfinder would have found the movant
> guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to
> cases on collateral review by the Supreme Court, that was
> previously unavailable.

28 U.S.C. § 2255(h).   Nowhere within the instant Motion does Petitioner show

that he has either attempted to secure certification from the Ninth Circuit, or that

either of the two predicates to that certification are present.  Moreover, after a

complete and careful review of the record, it is clear that Petitioner is unable to

meet either of these conditions.  Therefore, Petitioner's motion fails for this reason

as well.

Accordingly, the Court DENIES Petitioner's Motion for Sentence

Adjustment, which the Court has construed as a motion to vacate, set aside, or

correct his sentence pursuant to 28 U.S.C. § 2255.  Additionally, because Petitioner

has not made a substantial showing of the denial of a constitutional right, the court

DECLINES TO ISSUE a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

<u>CONCLUSION</u>

For the foregoing reasons, the Court DENIES Petitioner's Motion for

Sentence Adjustment, and DECLINES TO ISSUE a certificate of appealability.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 29, 2011.

_____
David Alan Ezra
United States District Judge


<u>United States v. Akopian</u>, Cr. No. 02-00376-01 DAE; ORDER DENYING
PETITIONER'S MOTION FOR SENTENCE ADJUSTMENT AND DECLINING
TO ISSUE A CERTIFICATE OF APPEALABILITY